J-S26007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIEZER GRACIANI-ALICEA | : | No. 1600 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 28, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001315-2022

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: JANUARY 28, 2025**

The Commonwealth appeals from the judgment of sentence entered on September 28, 2023,[1] against Eliezer Graciani-Alicea ("the Defendant"). We vacate the portion of the Defendant's judgment of sentence wherein the Defendant received a concurrent term of time served to 12 months in prison for simple assault. We affirm the Defendant's judgment of sentence in all other respects. Further, since our ruling does not disturb the trial court's sentencing scheme, we will not remand this case for resentencing.

The trial court ably summarized the underlying facts of this case:

> On February 16, 2022, York City Police officers responded to the 100 block of [South] Penn Street in York City,

---

[1] The Defendant's judgment of sentence was made final on October 19, 2023, by the denial of the Commonwealth's post-sentence motion.

Pennsylvania, for a report of an assault. Officers located the victim, Josiah Dorwart (["the Victim"]), sitting against the tire of a tow truck, appearing "dazed and unable to speak." [The] Victim was transported by Emergency Medical Services to York Hospital.

Upon further investigation, video footage depicted [the] Victim parking his tow truck in the North Lane of [South] Penn Street, when a red Nissan Versa[, driven by the Defendant,] approached from the opposite direction. At the same time, a bus pulled up directly behind [the] Victim's tow truck and was attempting to pass through the roadway. [The] Victim told [the Defendant] to turn around to allow the bus to pass through. [The] Victim exited his tow truck, and again told [the] Defendant to move his vehicle to allow the bus to pass through.

[The] Victim turned around to walk to the rear of his tow truck when [the Defendant] exited his vehicle. At this time, a brief verbal exchange took place between [the] Defendant and [the] Victim. [The] Victim subsequently turned around and began to walk away. As [the] Victim was facing away, [the] Defendant struck [the] Victim in the right side of his head. [The] Victim immediately fell unconscious and sustained injuries including a concussion and skull fracture.

Trial Court Opinion, 1/17/24, at 1-3 (citations and some capitalization omitted).

Following trial, the jury found the Defendant guilty of aggravated assault and simple assault.[2] The trial court held a sentencing hearing on September 28, 2023 and, at the conclusion of the hearing, the trial court determined that the Defendant would receive a sentence of four to eight years in prison, followed by one year of probation, for his aggravated assault conviction and a concurrent term of time served to 12 months in prison for the simple assault

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 2701(a)(1), respectively.

conviction. *See* N.T. Sentencing Hearing, 9/28/23, at 36-37. The sentence for aggravated assault fell within the mitigated range of the sentencing guidelines and, as the trial court explained, this particular sentence was appropriate because:

> I've had an opportunity to review the [pre-sentence investigation ("PSI") report] and hear arguments from both counsel, hear from the victim, and from [the Defendant's] family. . . .
>
> Obviously anyone who watched the video of this crime, it was extremely difficult to watch. I know it was for the jury. I know it was for me. And I think this is a difficult decision because I think, on one hand, I agree with [the Defendant] that it was a heat of passion decision. I don't think [the Defendant] set out that day to really change [the Victim's] life the way he has. I do think he's sincere in his remorse for what he's done.
>
> But at the same time, we have some very severe consequences to [the Victim], both physically, mentally, and emotionally with respect to his injuries and his post-traumatic stress that he -- I'm not an expert, but it sounds like that's something he's working through right now.
>
> In balancing, I believe, factors on both sides, I think the appropriate sentence in this case is in the mitigated range.

N.T. Sentencing, 9/28/23, at 36.

As is relevant to the current appeal, the Commonwealth filed a post-sentence motion and claimed that the trial court abused its discretion at sentencing because "its consideration that [the Defendant] . . . [felt] sorry for his actions and that this incident was a heat of passion style assault" were inappropriate or insufficient reasons for sentencing the Defendant in the mitigated range. *See* Commonwealth's Post-Sentence Motion, 10/10/23, at

1-2. The trial court denied the Commonwealth's post-sentence motion and the Commonwealth filed a timely notice of appeal. On appeal, the Commonwealth abandoned its claim regarding the Defendant's remorse and raises the following, single claim for review:

> [The] trial court abused its discretion and ignored the fundamental norms of sentencing by imposing an overly-lenient and unreasonable mitigated range sentence of four to eight years [of] incarceration. . . . In sentencing [the Defendant] to this mitigated range sentence, the trial court improperly credited [the Defendant's] arguments that he acted "in the heat of passion" as a mitigating factor where [the Defendant's] *mens rea* is already considered within the statute itself. Additionally, the evidence of record does not support [the] trial court's finding that [the Defendant] acted "in the heat of passion."

Commonwealth's Brief at 4; **see also** Commonwealth's Brief at 12 (in its Rule 2119(f) statement, the Commonwealth raises the following claim: whether the trial court "improperly considered [the Defendant's] conduct as being the result of heat of passion, thus imposing an overly-lenient sentence").

The Commonwealth's claim challenges the discretionary aspects of the Defendant's sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, the Commonwealth does not have an automatic right to appeal the discretionary aspects of a sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, the Commonwealth must petition this Court for permission to appeal the discretionary aspects of a sentence. **Id.**

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether [the Commonwealth] has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether [the Commonwealth's] brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, the Commonwealth filed a timely notice of appeal, preserved its discretionary aspects of sentencing claim in its post-sentence motion, and set forth in its brief a "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *See* Commonwealth's Brief at 1-27; *see also* Pa.R.A.P. 2119(f). Therefore, we must determine whether the Commonwealth's claims raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, the Commonwealth must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993). Moreover, in determining whether the Commonwealth raised a substantial question, we must limit our review to the Commonwealth's Rule 2119(f)

statement. ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727 (emphasis omitted).

Within the Commonwealth's brief to this Court, the Commonwealth claims that the trial court abused its discretion at sentencing when the trial court "improperly credited [the Defendant's] arguments that he acted 'in the heat of passion' as a mitigating factor." Commonwealth's Brief at 4. According to the Commonwealth, this was an abuse of discretion because: 1) "the evidence of record does not support [the] trial court's finding that [the Defendant] acted in the heat of passion" and 2) the Defendant's "*mens rea* is already considered within the [aggravated assault] statute itself."[3] ***Id.*** Based

---

[3] Within the Commonwealth's brief to this Court, the Commonwealth repeatedly, and erroneously, declares that the trial court sentenced the Defendant "outside of the sentencing guidelines." ***See*** Commonwealth's Brief at 19; ***see also*** Commonwealth's Brief at 1-26. Contrary to the Commonwealth's claim on appeal, the trial court's sentence in this case was not a departure from the sentencing guidelines. ***See*** Commonwealth's Brief at 14-26 (erroneously reasoning that the Defendant's sentence was a "departure from the guidelines"). Rather, as the Commonwealth agrees, the trial court imposed a sentence in the **mitigated range of the sentencing guidelines**. Commonwealth's Brief at 14. This, in fact, constitutes a "guideline range" sentence. ***See Commonwealth v. Mouzon***, 812 A.2d 617, 621 n.4 (Pa. 2002) ("[a] sentence outside of the Guidelines **is one imposed outside of all the recommended ranges**, *i.e.*, either below the mitigated range or above the aggravated range for a particular crime") (emphasis added); 204 Pa.Code § 303.13 (titled: "**Guideline sentence recommendations**: **aggravated and mitigated circumstances**") *(Footnote Continued Next Page)*

upon our precedent, we conclude that the Commonwealth's claims raise a substantial question and that we may thus review the merits of its claims. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 ("an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question"); *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (holding: a claim that "a court [] improperly based an aggravated sentence on a factor that is already an element of the crime" raises a substantial question). Nevertheless, both of the Commonwealth's claims fail on the merits.

First, the Commonwealth claims that the trial court abused its discretion when it imposed a mitigated range sentence for the Defendant's aggravated

_____

(emphasis added); *see also* 204 Pa.Code § 303a.6(b) ("[a] sentence imposed in the standard range, aggravated range, or mitigated range is considered a sentence within the guidelines. A sentence imposed with a disposition or duration more severe than the aggravated range recommendation, less severe than the mitigated range recommendation, or without consideration of applicable guideline sentencing standards, is considered a departure from the guidelines"). Thus, and respectfully, the entire legal basis for the Commonwealth's argument in this case is faulty, as well as is its reliance upon caselaw and legal principles which are solely concerned with departures from the sentencing guidelines. *See Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007) (the trial court sentenced the defendant to "the statutory maximum for each offense . . . [which was] a sentence outside of the sentencing guidelines"); *Commonwealth v. Bowen*, 55 A.3d 1254 (Pa. Super. 2012) (the trial court sentenced the defendant "outside of the guideline range" for his fleeing or attempting to allude police conviction); *Commonwealth v. McIntosh*, 911 A.2d 513, 521 and 521 n.10 (Pa. Super. 2006) (the defendant received an 11 ½ to 23 month sentence, which was "12 ½ months shorter than the low end of the mitigated range provided by the sentencing guidelines"), *vacated on other grounds by*, 922 A.2d 873 (Pa. 2007).

assault conviction because "the evidence of record does not support [the] trial court's finding that [the Defendant] acted in the heat of passion." ***See*** Commonwealth's Brief at 4 and 22.

At the outset, the Commonwealth misconstrues the trial court's use of the term "heat of passion." According to the Commonwealth:

> Part of the basis for the trial court's sentence was that [the] Defendant acted in the heat of passion. Any consideration of "heat of passion" is unwarranted under the facts of this case [because a] heat of passion defense is a partial defense that addresses the element of intent and, if successfully argued, mitigates first-degree murder to third-degree murder.
>
> . . .
>
> [The] Defendant was convicted of aggravated assault, which is objectively not first degree murder.

Commonwealth's Brief at 22 (citations and some quotation marks and capitalization omitted).

The Commonwealth's argument fails. Here, in context, it is clear that the trial court used the term "heat of passion" simply to mean that the Defendant acted impulsively – and without much thought or pre-planning – given that he punched the victim one time in a seeming fit of rage. Indeed, the trial court immediately clarified its use of the term "heat of passion" by declaring: "I don't think [the Defendant] set out that day to really change [the Victim's] life the way he has. I do think he's sincere in his remorse for what he's done." ***Id.*** at 36.

Further, the trial court's determination that the Defendant committed an impulsive criminal act and that he did not "set out that day to really change [the Victim's] life the way he has," was thoroughly consistent with the facts adduced at trial. **See** N.T. Trial, 6/19-21/23, at 137-169 (the Victim testified that he did not know the Defendant before the assault and that the Defendant punched him in the back of his head following a short argument on the road). Thus, the Commonwealth's claim that "the evidence of record does not support [the] trial court's finding that [the Defendant] acted in the heat of passion" fails.

Next, the Commonwealth claims that the trial court abused its discretion when it held that the Defendant's impulsiveness justified a sentence in the mitigated range of the sentencing guidelines, as the Defendant's "*mens rea* is already considered within the [aggravated assault] statute itself." **See** Commonwealth's Brief at 4 and 23.

The Defendant was convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). This subsection provides:

> A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702(a)(1).

On appeal, the Commonwealth essentially claims that the trial court was not permitted to consider the impulsiveness of the Defendant's crime as a mitigating circumstance for his aggravated assault sentence, as the

aggravated assault statute allows for a conviction based upon a *mens rea* of recklessness. Commonwealth's Brief at 23. This claim lacks merit.

The crime of aggravated assault, as defined under 18 Pa.C.S.A. § 2702(a)(1), encompasses a wide range of conduct and *mens rea*. The impulsiveness of the Defendant's crime directly implicates the "nature and circumstances of the offense" and the "characteristics of the defendant" and, thus, is a permissible factor that a trial court may consider when sentencing the Defendant in the mitigated range of the sentencing guidelines. **See** 42 Pa.C.S.A. § 9781(d); **see also Commonwealth v. Duffy**, 491 A.2d 230, 233 (Pa. Super. 1985) ("[t]he essence of Pennsylvania law regarding sentencing is that the sentence should be individualized"); 204 Pa.Code § 303.13 ("when the court determines that a mitigating circumstance is present . . . **the court may impose a mitigated sentence**") (emphasis added). Thus, the Commonwealth's claims on appeal fail.

However, we must address an evident illegality in the Defendant's sentence. **See Commonwealth v. Hill**, 238 A.3d 399, 407-408 (Pa. 2020) ("an appellate court may raise and address [illegal sentencing issues] *sua sponte*"). Here, the Defendant punched the victim one time and, for this crime, the Defendant was convicted of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) and simple assault under 18 Pa.C.S.A. § 2701(a)(1). During the sentencing hearing, the trial court initially declared that it was sentencing the Defendant to serve four to eight years in prison, followed by one year of probation, for the aggravated assault conviction and to serve a concurrent

- 10 -

term of time served to 12 months in prison for the simple assault conviction. *See* N.T. Sentencing Hearing, 9/28/23, at 36-37. Although the trial court later corrected itself and noted that the simple assault conviction merged into the aggravated assault conviction for sentencing purposes, the trial court's written sentencing order accidentally memorialized the initial, illegal sentence. *See id.* at 38; *see also* Written Sentencing Order, 9/28/23, at 1; *Commonwealth v. Willis*, 68 A.3d 997, 1010 (Pa. Super. 2013) ("[i]t is well settled that, where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls"); 42 Pa.C.S.A. § 9765 (merger of sentences); *Commonwealth v. Boettcher*, 459 A.2d 806, 811 (Pa. Super. 1983) (holding: simple assault under 18 Pa.C.S.A. § 2701(a)(1) merges with aggravated assault under 18 Pa.C.S.A. § 2702(a)(1)).

Here, vacating the illegal, concurrent sentence for simple assault would not upset the trial court's overall sentencing scheme. *See Commonwealth v. Thur*, 906 A.2d 552, 569-570 (Pa. Super. 2006) ("[i]f our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand") (citations omitted). Therefore, we vacate the Defendant's sentence for simple assault and affirm the Defendant's judgment of sentence in all other respects.

The Defendant's sentence for simple assault vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judge Kunselman joins this Memorandum.

President Judge Emeritus Panella files a Dissenting Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/28/2025